[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11522
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20915-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY WADE FINLEY, JR.,
a.k.a. Henry Wade Finley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2010)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Henry Wade Finley appeals the sentence imposed following his guilty plea to knowingly transporting child pornography, in violation of 18 U.S.C. § 2252(a), and transferring obscene material to a minor, in violation of 18 U.S.C. § 1470.

The charges against Finley arose from a single internet chat in which Finley communicated with an undercover officer posing as the single mother of a ten-year-old girl. During the conversation, Finley spoke of engaging in sex with children, including his twelve-year-old daughter.[1] He also shared fifteen images of a young girl engaging in sexually explicit activities with adult men and encouraged the officer to show the images to her daughter to gauge the girl's willingness to participate.[2]

Following the online conversation, police were able to locate and arrest Finley in Oklahoma. Although he admitted in his post-arrest statements to police that he had sent the images to the undercover officer, he denied having any sexual contact with a minor. Finley was charged with transporting child pornography and transferring obscene material to a minor. He pleaded guilty without a written plea agreement.

The probation officer determined Finley's advisory guideline range to be

---

[1] In actuality, Finley has two adult children, neither of whom reported any sexual abuse.

[2] The images were part of the "Vicky" series of child pornography involving a ten-year-old girl.

188 to 235 months' imprisonment.[3]  Finley faced a mandatory minimum sentence of 5 years' imprisonment and a statutory maximum of 20 years' imprisonment for the § 2252 offense, and a statutory maximum of ten years' imprisonment for the § 1470 offense.

Finley objected to the guideline calculations, arguing that he had no prior convictions for sexual offenses and presented a low risk of recidivism.  He also submitted the results of a polygraph examination to show that he had truthfully stated that he had never engaged in sexual contact with a minor.  He argued that a sentence between 63 and 78 months' imprisonment would be sufficient but not greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a).  At the sentencing hearing, he explained that he suffered from bipolar disorder, depression and post-traumatic stress disorder and that he was receiving therapy.  He argued that a sentence within the calculated guideline range was too harsh when he had not produced or engaged in widespread distribution of the images.  He argued that § 2G2.2 "impermissibly and illogically skews sentences for even 'average'

---

[3]  The probation officer grouped the two offenses together under U.S.S.G. § 3D1.2(c) and determined the base offense level under the higher guideline, in this case § 2G2.2.  The probation officer then added enhancements for (1) the age of the minor, § 2G2.2(b)(2); (2) the distribution of images to a minor, § 2G2.2(b)(3)(E); (3) images of sadistic or masochistic conduct, § 2G2.2(b)(4); (4) the use of a computer, § 2G2.2(b)(6); and (5) the number of images involved, § 2G2.2(b)(7)(D).  With a 3-level reduction for acceptance of responsibility, the total adjusted offense level was 36.

defendants to the upper end of the statutory range . . . thus blurring the distinctions between the least and worst offenders." *See United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. Iowa 2009)).

The district court considered the guideline calculations, Finley's arguments, and the sentencing factors in 18 U.S.C. § 3553(a), and imposed a sentence of 188 months' imprisonment. In so doing, the court noted the nature and severity of the crimes as well as the continuing psychological harm to the victims. The court stated that a sentence within the guideline range was sufficient to punish Finley and deter future criminal conduct.

On appeal, Finley argues that the district court imposed an unreasonable sentence because it relied exclusively on the advisory guideline range as calculated under § 2G2.2 and ignored the other sentencing factors listed in 18 U.S.C. § 3553(a). Finley contends that the sentence imposed does not comport with the directives of § 3553(a) because he provided the court with incontrovertible "scientific evidence" that he had never abused a child, has a low risk of recidivism, and is a low risk to the community. Finley argues that his background and the circumstances surrounding his arrest do not warrant such a severe sentence, and he maintains that the court imposed a sentence greater than necessary to achieve § 3553(a)'s objectives. In support, he cites several other

4

cases involving § 2252 in which district courts sentenced defendants below the guideline range.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). Finley bears the burden of showing that his sentence is unreasonable. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). A sentence is substantively reasonable if, under the totality of the circumstances, it achieves the purposes of § 3553(a). *Pugh*, 515 F.3d at 1191. Section 3553(a) provides that the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). Before imposing a sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation omitted). We have also recognized that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010) (*en banc*).

Here, the district court considered all of the arguments submitted, the factors set forth in § 3553(a), the presentence investigation report, and the victim-impact statements. In determining the ultimate sentence to impose, the court also considered Finley's background and his policy arguments against the sentencing guideline range. But after considering Finley's history and characteristics, the court found that the seriousness of the offense and the victim-impact statements required a lengthy sentence. In doing so, the court appropriately considered the factors and achieved the purposes of sentencing set forth in § 3553(a). Moreover, we note that the sentence imposed was at the low end of the guideline range and well below the statutory maximum of 20 years' imprisonment. *See* 18 U.S.C. § 2252(b)(1).

Finally, the district court rejected Finley's argument that the sentencing

6

guideline applicable to his crimes, § 2G2.2, should carry little weight because it lacked empirical evidence. Although under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), a district court may consider a lack of empirical basis as a reason to exercise its discretion and impose a sentence below the guideline range, it does not require the court to categorically disregard the guidelines. *United States v. Rodgers*, 610 F.3d 975, 977-78 (7th Cir. 2010); *see also Pugh*, 515 F.3d at 1201 n.15 (explaining that the child-pornography guidelines do not suffer from the same deficiencies as the crack-cocaine guidelines addressed in *Kimbrough*). Given the facts of this case, we cannot say the district court abused its discretion by the manner in which it weighed the § 3553(a) factors. Finely's sentence is

    **AFFIRMED.**